IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-00132-MSK

SENTEGRA, LLC,

    Plaintiff,

v.

ASUS COMPUTER INTERNATIONAL,

    Defendant.
_____

**OPINION AND ORDER DENYING MOTION FOR SANCTIONS AND MOTION TO RESTRICT**
_____

**THIS MATTER** comes before the Court pursuant to the Defendant's ("Asus") Motion for Sanctions **(# 42)**, the Plaintiff's ("Sentgra") response **(# 46)**, and Asus' reply **(# 48)**; and Asus' Motion to Restrict **(# 44)** public access to certain attorney billing records that it submitted in conjunction with the Motion for Sanctions, Sentegra's response **(# 47)**, and Asus' reply **(# 49)**.

The Court assumes the reader's familiarity with the proceedings to date. Greatly summarized, Sentegra commenced this action alleging that Asus had infringed on a patent owned by Sentegra. The case was pending for a period of only nine months when Sentegra voluntarily dismissed it. In that time, only two significant events occurred in the case. Asus moved **(# 17)** moved to transfer the case to the Northern District of California, and Sentegra opposed that request. The case was dismissed before the Court could rule upon the motion to transfer. Second, at a hearing before the Court, Sentegra made certain representations about the particular patent claims it was alleging were infringed; later, it moved **(# 31)** to modify those

representations, intending instead to pursue certain substitute patent claims. The Court denied **(#37)** that motion. Thereafter, Sentegra voluntarily dismissed **(# 38)** its claims in this case.

Asus then filed the instant Motion for Sanctions **(# 42)**, arguing that Sentegra "was using the courts to compel a litigation-induced settlement." Invoking 35 U.S.C. § 285 (allowing awards of fees to the prevailing party in "exceptional" patent cases) and 28 U.S.C. § 1927 (allowing the court to award fees and other sanctions against counsel who "unreasonably and vexatiously" multiply proceedings), Asus argued that it was entitled to an award of its attorney fees in the amount of approximately $ 190,000.

Asus' motion is premised on several allegedly vexatious acts that Sentegra took in this action. First, Asus accuses Sentegra of "forum shopping" in this and other cases it has filed against Asus in various judicial districts. This Court declines the invitation to review and evaluate the parties' litigation efforts in other Districts; if the courts of those Districts believe that Sentegra has acted vexatiously there, they are free to impose whatever sanctions they deem appropriate. This Court will limit its focus to the brief proceedings that occurred here.

The arguments in Asus' Motion to Transfer notwithstanding, the Court cannot say that Sentegra's decision to commence the instant suit in this District manifests the type of conduct warranting sanctions. Sentegra's justification for commencing the action here – that it maintained an office in Colorado and that the officer who acquired the patent at issue was located here – is thin but colorable. Whether Asus would ultimately have prevailed on its Motion to Transfer[1] is a matter this Court need not consider here; it is sufficient to observe that

---

[1] The Court notes that Asus was requesting that the case be transferred not to the Southern District of New York, where these same parties were already engaged in patent litigation over an entirely unrelated patent, but to the Northern District of California, where, at the time, there was no pre-existing litigation between them. Thus, Asus would have been fighting two patent lawsuits against Sentegra simultaneously, regardless of whether this Court kept or transferred the

Sentegra's decision to commence this suit here may have been strategic, but it was not so frivolous or vexatious as to support an award of sanctions.

Second, Asus argues that Sentegra filed the instant action "to pressure [Asus] into settlement negotiations" concerning the New York suit.  It also argues that Sentegra has filed numerous patent lawsuits against numerous defendants, only to settle or dismiss them.  But once again, this Court's fleeting association with the parties here does not justify a detailed investigation into their collateral activities in other jurisdictions; those jurisdictions are free to police their own cases.

Looking solely at the record in this District, the Court cannot say that Sentegra's claims were facially deficient or that its conduct was so patently vexatious that an award of fees to Asus is required.  Asus complains that "litigation is not a poker game, and the court system is not the plaything of litigants."  The Court quite agrees, but at the same time, there nothing in the federal rules compels a party to make litigation decisions solely for its adversary's benefit.  Short of an allegation that Sentegra was <u>required</u> to litigate its instant infringement claims in the existing case in the Southern District of New York – an argument Asus does not and cannot make – Sentegra was free to choose to bring those claims in whatever permissible forum it deemed most favorable, even if that choice worked to Asus' detriment.

Asus also argues that the patent Sentegra invoked here "likely cannot survive a validity challenge."  Although the parties had some discussions on that matter, the full merits of that argument were not, and have not been, presented to this Court, and thus, the Court declines the invitation to sanction Sentegra based on a legal argument the Court has not evaluated.

---

case. (The fact that the Southern District of New York later granted Asus' request to transfer that lawsuit to the Northern District of California does not alter this analysis.)

Asus takes issue with Sentegra's request in this action to modify the infringement contentions it first announced at the hearing, then later reconsidered. Although the Court denied that motion – forcefully, even – it cannot say that Sentegra's actions in that regard reflect the type of litigation conduct that warrants sanctions. By all appearances, once the Court denied Sentegra's motion to modify its oral representations, Sentegra quickly dismissed the lawsuit. If Asus could point to Sentegra prolonging the litigation vexatiously after the Court's ruling, the Court might be disposed to award sanctions. But by all appearances, Sentegra took its defeat on that critical motion with aplomb and quickly folded its hand in this case.

However, <u>while</u> Sentegra's motion to modify was pending, it apparently insisted that the parties prepare a claims chart **(# 36)** consistent with the claims it had identified at the hearing, despite arguing to the Court that some of those claims were already "irrelevant." See: *Docket #* 31 at 5 ("there is a strong likelihood that both parties would need to chart irrelevant claims if Sentegra were held to its preliminary position expressed at the hearing"). This conduct is troubling to the Court, and Sentegra's response to Asus' motion fails to justify it. Sentegra merely argues now that it "reserved the right to assert those claims if the Court denied its request" to modify its contentions. But a party cannot "reserve the right" to continue to assert claims it knows and admits are irrelevant.

This is the type of conduct that could very well justify an award of sanctions against Sentegra. But such an award would be complicated by the fact that it is impossible to ascertain which fees Asus might have incurred in charting <u>irrelevant</u> claims, when the parties were also charting claims that would be relevant regardless of whether Sentegra's motion had been granted or denied. The billing records that Asus has provided reflect time entries that read, simply, "prepare claim charts" and "identification of potential claim terms for construction," without

4

identifying which claim terms are being described.² Because some of that work would have been performed regardless of whether Sentegra had properly surrendered its admittedly irrelevant claims, and because it is impossible for the Court to quantify the amount of work that was caused by Sentegra failing to do so, the Court is not inclined to impose an imprecise sanction.

Finally, Asus makes a broad argument that Sentegra made various misrepresentations to the Court throughout this action. The Court need not address whether Asus' characterizations of those statements are correct; it is sufficient to observe that such misrepresentations, even if made, did not materially affect the course or scope of this action, such that sanctions on that basis would be appropriate.

Accordingly, the Court denies Asus' Motion for Sanctions.

Asus also moves to restrict public access to Docket # 43. That docket entry consists of the affidavit of Li Chen, which recounts the attorney fees incurred by Asus in this action, and Asus' counsel's billing records. Asus argues that such material should be shielded from public disclosure because "the invoices and rate information of [Asus'] attorneys and their staff are not public" and that "the public is unlikely to have an interest in this information." It further argues that disclosure of this information "may put [Asus'] law firms at a competitive disadvantage."

The Court denies Asus' request to restrict. The public has a broad interest in having access to materials that are submitted to the Court for consideration, particularly those that are directly considered by the Court in performing its adjudicative function. *See United States v. McVeigh*, 119 F.3d 806, 811-14 (10th Cir. 1997). D.C. Colo. L. Civ. R. 7.2 seeks to balance that public interest against any legitimate privacy concerns that parties may have, but it properly places the burden on the party seeking restriction to overcome the presumption of public access

---

² This is not intended as a criticism of Asus' counsel's recordkeeping, but merely an observation that billing records will rarely contain the degree of granularity that would allow an appropriate sanction to be crafted on an issue as narrow as this one.

5

with specific factual showings. Here, Asus has offered only general invocations of privacy interests and hypothetical concerns of vague "competitive disadvantage" that might result if its billing rates were disclosed. This is insufficient to carry its burden under Local Rule 7.2. Accordingly, its motion to restrict is denied.

For the foregoing reasons, Asus' Motion for Sanctions **(#42)** and Motion to Restrict **(#44)** are denied. The Clerk of the Court shall lift the provisional restriction on access to Docket # 43.

Dated this 6th day of August, 2017.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge